UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| W.D. HENTON, *Pro Se*, | ) | Case No.: 1:18 CV 2768 |
| Plaintiff | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| SHERIFF ASHTABULA COUNTY, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendant | ) | |

*Pro Se* Plaintiff W.D. Henton filed this action against the Ashtabula County Sheriff. In the Complaint, Plaintiff asserts he slipped, fell and was injured at the jail in 2013 due to leaky pipes. He does not specify the legal claims he is asserting. He seeks monetary damages. For the reasons set forth below, this action is dismissed.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

This is the second time Plaintiff has brought a case against Ashtabula County based on these facts. In 2016, Plaintiff sued the Ashtabula County Jail alleging he slipped, fell and injured himself due to leaky pipes when he was jailed in 2013. *See Henton v. Ashtabula Cty Jail*, No. 1:16 CV 1555 (N.D. Ohio July 7, 2016)(Boyko, J.). That case was dismissed on the merits on July 7, 2016. He has now filed this case against the Ashtabula County Sheriff once again alleging he slipped, fell and injured himself due to leaky pipes when he was jailed in 2013.

The doctrine of *res judicata* dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the court and every issue or

defense that should have been raised in the previous action. *Id.* The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1229 (6th Cir. 1981). A subsequent action will be subject to a *res judicata* bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action. Both of these requirements are met in this case. Plaintiff is therefore precluded from litigating this matter for a second time.

Plaintiff also indicates he litigated this matter in the Ohio Court of Claims and was denied relief on the ground that he did not sufficiently prove his injuries were caused by the water on the floor. Plaintiff cannot file an action in federal court to relitigate matters that were already decided in state court proceedings. Federal Courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state. 28 U.S.C. § 1738; *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007); *Young v. Twp. of Green Oak*, 471 F.3d 674, 680 (6th Cir. 2006). Ohio also employs the doctrine of *res judicata* to prevent subsequent actions, by the same parties or their privies, based on any claim arising out of a transaction that was the subject matter of a previous action" or relitigation of any fact or point that was determined by a court of competent jurisdiction. *Grava v. Parkman Twp.*, 73 Ohio St. 3d 379, 382 (1995). The Ohio Court of Claims already determined that Plaintiff did not prove his injuries were caused by the leaky pipe. This Court must give full faith and credit to that decision.

Furthermore, even if this action were not barred by *res judicata*, it would be barred by the applicable statute of limitations. Ohio's two-year statute of limitations for bodily injury applies to §1983 claims. *LRL Properties v. Portage Metro Housing Authority*, 55 F. 3d 1097 (6th Cir. 1995).

The actions alleged in the Complaint took place in 2013. This action was filed in November 2018, well beyond the expiration of the two-year statute of limitations period. There would be no purpose in allowing this matter to go forward in view of the fact that it is clearly time-barred. *See Fraley v. Ohio Gallia County*, No. 97-3564, 1998 WL 789385, at *1 (6th Cir. Oct. 30, 1998)(affirming *sua sponte* dismissal of *pro se* §1983 action filed after two-year statute of limitations for bringing such an action had expired).

The Court notes that both *res judicata* and statute of limitations are affirmative defenses that are generally raised by the Defendant. Fed.R.Civ.P. 8(c). The Supreme Court as well as the Sixth Circuit. however, have indicated that a Court may take the initiative to assert these grounds *sua sponte* in "special circumstances," such as when the Court issued the previous decisions triggering *res judicata* or when the expiration of the statute of limitation is apparent on the face of the Complaint. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Arizona v. California*, 530 U.S. 392, 412 (2000); *Hutcherson v. Lauderdale County, Tennessee*, 326 F.3d 747, 757 (6th Cir. 2003); *Holloway Constr. Co. v. United States Dep't of Labor*, 891 F.2d 1211, 1212 (6th Cir.1989) (affirming *sua sponte* assertion of *res judicata* where the district court had decided the original case and adding that "a district court may invoke the doctrine of *res judicata* in the interests of, inter alia, the promotion of judicial economy"); *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012)(affirming *sua sponte* dismissal of case on statute of limitations ground where it is apparent on the face of the complaint). Both of these special circumstances are present in this case.

Finally, even if the Complaint were not procedurally barred, Plaintiff fails to specify a legal cause of action. To meet minimum pleading requirements, the Complaint must give the Defendants fair notice of what the Plaintiff's claims are and the factual grounds upon which they rest. *Bassett*

4

*v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). As both Plaintiff and the Defendant appear to be Ohio citizens, subject matter jurisdiction would have to be based, if at all, on the presence of a federal question. Absent some indication of the legal basis for his claim, Plaintiff has not established this Court's subject matter jurisdiction over the case, and has not met the minimum pleading requirements.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

March 20, 2019

---

[1] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.